PETER P. BROWN and JOHN P. BROWN, complainants, and JOSEPH E. EDSALL and ELIAS L'HOMMEDIEU, defendants.

1. Where an injunction had been granted to stay a suit at law, that the defendants might make discovery, and that the complainants might have relief in the premises in this court; and the defendants, subsequently, moved to dissolve the injunction, on the ground that the equity of the bill had been fully answered, and the discovery prayed for obtained; the court refused the motion, because the bill prayed for *relief* as well as discovery, and in regard to a subject matter which appropriately belonged to equity jurisdiction.

2. But the bill must show a case of manifest propriety in this court's retaining the cause, where a suit has been commenced at law, and the party seeks to change the forum of litigation, and prays for relief as well as discovery.

This cause was argued before the Chancellor, June 1st, 1852, on motion to dissolve the injunction.

*Mr. Gould,* for motion.

*Mr. Haines, contra.*

THE CHANCELLOR. The defendants commenced an action against the complainants in the Supreme Court of this state, on the joint and several promissory note of the complainants, given by them to the defendants in March, 1845. The suit at law was commenced in April Term, 1851, of the Supreme Court. On the 29th of November, 1851, the complainants exhibited their bill. Upon the facts therein stated they prayed an injunction to stay the suit at law, that the defendants might make discovery, and that the complainants might have relief in the premises in this court. This bill the defendants have answered, and they now move that the injunction, which was granted, staying the proceedings in the said suit at law, may be dissolved, on the ground that

the equity of the bill is fully answered, and the discovery prayed for obtained.

The Court of Chancery in this state has never adopted the principle that, because its jurisdiction has once rightfully attached, it will retain the cause, as a matter of right, for the purposes of complete relief.

All bills in this court are, in their nature, bills of discovery. Some are bills for discovery purely: When the subject matter is one which is properly cognizable at law only, and adequate relief can be given there, as where damages are to be ascertained or titles to land tried, and in cases of mere trespass, a Court of Chancery frequently takes jurisdiction that a discovery may be had on the oath of a party, or to compel the production of papers and documents. The end for which the jurisdiction of the court was invoked having been attained, the party seeks his redress in the proper tribunal at law.

Where a suit has been commenced at law, the defendant may be entitled to a discovery from his adversary, and obtain it by his bill in this court. But if he seeks to change the forum of litigation, and prays for relief as well as discovery, the subject matter must be one which appropriately belongs to equity jurisdiction. His bill must show a case of manifest propriety in this court's retaining the cause. Fonblanque and Cooper lay it down that "The court, having acquired cognizance of the suit for the purpose of discovery, will entertain it for the purpose of relief in most cases of fraud, account, accident and mistake." So, if it is plain that adequate relief can be given, and at the same time a multiplicity of suits be prevented, the court, having obtained jurisdiction, will go on and give the proper relief.

The bill before us is for discovery and relief. It is properly framed for a bill of such a nature. It not only avers that the discovery is material for the defence, but also that the knowledge of the facts, upon which the defence rests, are exclusively within the knowledge of the adversary. The relief sought is, that the accounts between the parties, and which are connected with the promissory note upon

which the suit at law was instituted, may be settled in this court, and a decree made consequent upon taking such accounts.

The note in question, together with another note of Peter P. Brown, one of the complainants, for $1374.88, was given in consideration of a bond and mortgage assigned at the time by the defendants to the complainants. No less than nine promissory notes and one draft have grown out of this transaction, at different times, during the period from March, 1845, and through the year 1849. The note, upon which the suit at law was instituted, cannot be settled without bringing all these notes and draft into the account. So intricate have the accounts become between the parties that it is evident, from the answer of the defendant Edsall, that he himself is uncertain, and is unwilling to say, how the accounts really stand between the parties. The manner in which he speaks of two notes of $354.40 each, given to him by Brown, and of his own note of $354.40, which he exchanged with Brown, shows that the accounts are involved in much difficulty. He says that he has no knowledge, recollection or belief that the two $354 notes were paid, and that he verily believes his own note was paid. A business man ought to be able to speak with certainty as to such matters, or state some reason why he cannot do so. The reasonable conclusion is, that the whole transaction between the parties has been very loose. It is manifest that the accounts between the parties are intricate, and that great care and deliberation are required in order to have them satisfactorily adjusted.

This court is the proper tribunal for the settlement of such accounts. Justice could hardly be done in a hasty trial at the circuit.

The injunction must stand, and the complainants proceed with their suit.

CITED in *Little* v. *Cooper*, 2 *Stock*. 275.